IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SCOTTSDALE INSURANCE COMPANY,

    Plaintiff,

v.     Case No. _____

SIGAN AMERICA, LLC,

    Defendant.

## COMPLAINT

For its Complaint against Defendant Sigan America, LLC ("Sigan" or "Defendant"), Scottsdale Insurance Company ("Scottsdale") alleges as follows:

### NATURE OF THE CASE

1. This is an insurance coverage dispute arising out of an insurance policy (the "Policy") issued by Scottsdale to Sigan. Subject to its terms, conditions, exclusions, and endorsements, the Policy provides coverage for certain claims first made against Sigan or other insureds during the Policy's "Policy Period"—February 8, 2022 to February 8, 2023.

2. As a threshold requirement to coverage, the Policy requires that a claim be first made against an insured during the Policy's Policy Period.

3. On May 24, 2021, Luis Garcia filed a Charge of Discrimination (the "Charge") against Sigan with the Illinois Department of Human Rights and Equal Employment Opportunity Commission. Sigan received the Charge on or about June 1, 2021.

4. Sigan submitted the Charge to Scottsdale for coverage under the Policy. On October 19, 2022, Scottsdale denied coverage for the Charge because the Charge was first made against Sigan on June 1, 2021, which is prior to the Policy's Policy Period.

5. Sigan has disputed Scottsdale's denial of coverage for the Charge.

6. By this lawsuit, Scottsdale seeks a declaration that the Policy does not afford coverage to Sigan for the Charge or any related claim.

## PARTIES

7. Scottsdale is an Ohio corporation with its principal place of business in Scottsdale, Arizona.

8. Defendant Sigan is a Delaware limited liability company with its principal place of business in Ottawa, Illinois. Upon information and belief, Sigan's members are not citizens of Ohio or Arizona.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. 1332(a) because there is complete diversity of citizenship between Scottsdale and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

*The Policy*

11. The Policy issued to Sigan—Business and Management Indemnity Policy, No. EKS3417292—has a Policy Period of February 8, 2022 to February 8, 2023. A true and accurate copy of the Policy is attached hereto as Exhibit 1.

12. The Policy is a "claims-made-and-reported policy" that includes a single coverage section which is labeled as the "Employment Practices Coverage Section" ("EPL Coverage Section").

13. For purposes of this matter, the relevant insuring clause of the EPL Coverage Section is the Employee Insuring Clause, which provides as follows:

> **Insurer** shall pay the **Loss** of the **Insureds** which the **Insureds** have become legally obligated to pay by reason of an **Employment Practices Claim** first made against the **Insureds** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1 herein, for an **Employment Practices Wrongful Act** taking place prior to the end of the **Policy Period**.

(Policy, EPL Coverage Section, § A.1.) (bold original).

14. The Policy defines "Claim" to include any "Employment Practices Claim."

15. "Employment Practices Claim" is defined to include "a civil proceeding against an Insured before the Equal Employment Opportunity Commission or any similar federal, state or local governmental body, commenced by the filing of a notice of charges, investigative order or similar document." (Policy, EPL Coverage Section, § B.5.c.).

16. "Employment Practices Wrongful Act" includes any actual or alleged (i) "violation of any common or statutory federal, state, or local law prohibiting any kind of employment-related discrimination," (ii) "wrongful discharge or termination of employment, whether actual or constructive," or (iii) Retaliation (as defined in the Policy). (Policy, EPL Coverage Section, § B.6.).

*The Charge*

17. Mr. Garcia filed the Charge on May 24, 2021. The Charge was assigned No. 2021SE2123 with the Illinois Department of Human Rights, and No. 440-2021-04063 with the EEOC. A true and accurate copy of the Charge is attached hereto as Exhibit 2.

18. The Charge alleges discrimination based on race and national origin, retaliation,

3

and constructive discharge.

19. Sigan received the Charge on or about June 1, 2021.

20. Sigan, through its Chief Financial Officer and Controller, Marilyn LaVelle, responded to the Charge on June 2, 2021. A true and accurate copy of Sigan's response is attached hereto as Exhibit 3.

*The Coverage Dispute*

21. Sigan submitted the Charge to Scottsdale for coverage under the Policy on September 30, 2022.

22. By letter dated October 19, 2022, Scottsdale denied coverage for the Charge because it did not constitute a Claim first made during the Policy's Policy Period of February 8, 2022 to February 8, 2023. A true and accurate copy of the Scottsdale's October 19, 2022 letter is attached hereto as Exhibit 4.

23. Sigan has disputed Scottsdale's coverage position.

COUNT I: DECLARATORY JUDGMENT

24. Scottsdale repeats and realleges the allegations contained in paragraphs 1-23 as if fully set forth herein.

25. Sigan seeks coverage under the Policy's EPL Coverage Section's Employee Insuring Clause for the Charge.

26. The Policy only provides coverage for certain Claims first made during the Policy's Policy Period, which is February 8, 2022 to February 8, 2023.

27. Sigan received the Charge on or about June 1, 2021 and responded to the Charge on June 2, 2021, in a communication from its Chief Financial Officer and Controller, Marilyn LaVelle.

28. The Charge is deemed first made under the Policy on June 1, 2021, or at the latest

June 2, 2021.

29. The Charge was not first made during the Policy's Policy Period and, therefore, does not trigger the Policy's Employer Insurance Clause.

30. An actual, present, and justiciable controversy exists concerning whether the Charge was first made during the Policy's Policy Period.

31. The entry of a declaratory judgment with respect to whether the Charge was first made during the Policy's Policy Period is necessary and would be effective to resolve the controversy between the parties.

32. Accordingly, Scottsdale respectfully requests that the Court enter judgment declaring that no coverage is available under the Policy because the Charge is not a Claim first made during the Policy's Policy Period.

\*     \*     \*

33. The filing of this Complaint is not intended to and does not constitute a waiver of any of Scottsdale's rights, remedies, and defenses under the Policy or at law. Additional conditions, limitations, and exclusions of the Policy may exclude or limit coverage for the Charge.

**PRAYER FOR RELIEF**

WHEREFORE, Scottsdale respectfully requests that the Court enter an Order declaring that the Charge is not covered by the Policy because it is not a Claim first made during the Policy's Policy Period and awarding Scottsdale all other relief as the Court may deem just and proper.

Dated: March 27, 2023

Respectfully submitted,

SCOTTSDALE INSURANCE COMPANY,

By: *Stephen J. Schlegel*
One of Plaintiffs' Attorneys

Stephen J. Schlegel, Ltd. (Stephen J. Schlegel)
PECK RITCHEY, LLC (Daniel J. Lynch)
321 S. Plymouth Ct., 6th Fl.
Chicago, IL 60604
(312) 201-0900
ARDC Nos. 2486903 & 6331421
sjschlegel@schlegelltd.com
dlynch@peckritchey.com


James M. Young
Bailey Cavalieri
10 West Broad Street, Suite 2100
Columbus, OH 43215
jyoung@baileycav.com
(pro hac vice application forthcoming)

6